1
2
3
4
5
6
7
8
9
10    UNITED STATES DISTRICT COURT

11    FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13    BEVERLY J. HANCOCK,                           No.  2:16-cv-02635-TLN-DB

14                    Plaintiff,

15          v.                                      **ORDER REMANDING CASE**

16    LLOYD MOSLEY,

17                    Defendant.

18          This matter is before the Court pursuant to Defendant Lloyd Mosley's ("Defendant")

19    Notice of Removal and motion to proceed in forma pauperis.  (ECF Nos. 1–2.)  For the reasons

20    set forth below, Defendant's motion to proceed in forma pauperis is GRANTED.  The Court

21    hereby remands the action to the Superior Court of California, County of San Joaquin, due to lack

22    of subject matter jurisdiction.

23          **I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

24          On October 6, 2016, Plaintiff Beverly J. Hancock ("Plaintiff") filed an unlawful detainer

25    action in the Superior Court of California, County of San Joaquin.  (Not. of Removal, ECF No. 1

26    at 1.)  On November 4, 2016, Defendant filed a Notice of Removal in the United States District

27    Court for the Eastern District of California.  (ECF No. 1.)  Defendant asserts that removal is

28    proper because (i) "[t]he complaint presents federal questions" and (ii) "[f]ederal question exists

because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." (ECF No. 1 at 2, ¶¶ 6, 10.) For the reasons stated below, this Court finds that subject matter jurisdiction does not exist and thus this case must be remanded.

## II.  STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.  ANALYSIS

Defendant removed this case to this Court on the basis of federal question jurisdiction. (ECF No. 1 at 2.) Defendant argues that jurisdiction is proper under 28 U.S.C. § 1441(a) or (b).[1]

---

[1]     Defendant fails to explain how or why subject matter jurisdiction exists under 28 U.S.C. § 1441(b). In fact, other than Defendant's passing mention of §1441(b), Defendant fails to discuss diversity jurisdiction. Nonetheless, this Court discusses below why removal is improper under §1441(b).

1   (ECF No. 1 at 2.)  For jurisdiction to exist under § 1441(a), a federal question must be presented

2   on the face of the plaintiff's properly pleaded complaint.  *Caterpillar*, 482 U.S. at 392.  Here,

3   Defendant states without explanation that the "complaint presents federal questions."  (ECF No. 1

4   at 2, ¶ 6.)  However, Plaintiff's complaint for unlawful detainer does not present a federal

5   question on its face.  *See, e.g.*, *DVP, LP v. Champ*, No. 1:15-cv-00074-LJO-SKO, 2015 WL

6   12681672, at *2 (E.D. Cal. Jan. 29, 2015) ("[A]n unlawful detainer action, on its face, fails to

7   raise a federal question.").  Defendant further claims that his Answer implicates federal questions

8   because it requires a "determination of Defendant's rights and Plaintiff's duties under federal

9   law." (ECF No. 1 at 2, ¶ 10.)  An answer cannot confer federal question jurisdiction on this

10  Court.  *See Vaden*, 556 U.S. at 60 (explaining federal jurisdiction can neither be "predicated on an

11  actual or anticipated defense" nor "rest upon an actual or anticipated counterclaim").

12        To the extent Plaintiff's notice of removal seeks removal on the basis of Section 1441(b),

13  this too fails.  Section 1441(b) allows for a case to be removed to federal court on the basis of

14  diversity jurisdiction if the requirements of 28 U.S.C. § 1332(a) are met.  Section 1332(a) confers

15  diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000,

16  exclusive of interest and costs, and is between—(1) citizens of different States."  In an unlawful

17  detainer action, only the right to possession of the property is at issue, not the title.  *See Deutsche

18  Bank Nat'l Trust Co. v. Yanez*, ED-15-CV-02462-VAP-DTBx, 2016 WL 591752, at *2 (C.D. Cal.

19  February 11, 2016) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)).

20  Consequently, the amount in controversy is determined by the amount sought in the complaint.

21  *See id*.  Here, Defendant fails to meet the $75,000 threshold as Plaintiff seeks less than $10,000 in

22  her complaint.  (*See* ECF No. 1-1 at 3.)

23        Thus, Defendant has failed to establish the burden of showing that jurisdiction before this

24  Court is proper, and it is appropriate to remand this case, *sua sponte*, for lack of federal

25  jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th

26  Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the

27  removed action *sua sponte*, whether the parties raised the issue or not.").

28  / / /

3

1

**IV.    CONCLUSION**

2      For the foregoing reasons, the Court hereby remands this action to the Superior Court of

3 California, County of San Joaquin.  In removing this case, Defendant filed a motion to proceed in

4 forma pauperis.  (*See* ECF No. 2.)  The Court has reviewed this motion and finds that Defendant

5 meets the requirements of in forma pauperis status and thus grants Defendant's request.

6      IT IS SO ORDERED.

7

8 Dated: November 8, 2016

9

10

11

12                                    Troy L. Nunley
                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4